Honorable Byron Thomason State Representative 907 Highland Drive Magnolia, Arkansas 71753
Dear Representative Thomason:
This is in response to your request for an opinion regarding the assessment of property condemned for the expansion of Lake Columbia. You have asked, specifically, how to advise the Magnolia Municipal Water System, the Columbia County Rural Development Authority and the Columbia County Tax Collector with respect to the collection of taxes that have been assessed to lands partially owned by tax exempt entities.
It should be initially noted that the Municipal Water System and the Rural Development Authority should not, as a general matter, be involved in the tax collection process. With respect to the Tax Collector, it appears, that there is no authority supporting a refusal to collect taxes as assessed. As a general rule, unless authorized by the state legislature, an officer or representative of the state or other political subdivision has no right to compromise, release, or waive the collection of taxes. See 84 C.J.S. Taxation 630 (1954). It is therefore reasonable to conclude that the tax collector is required to collect the taxes as they have been assessed.
The following statutes may, however, prove helpful in resolving the situation presented. Ark. Stat. Ann. 84-460 (Repl. 1980) (now codified as A.C.A. 26-28-107 (Supp. 1987)) permits the Assessor to file with the County Clerk a separate list of tax exempt real property when he has failed to do so at the time of making the assessment. The list of tax exempt property shall include a description of the property and its valuation. Ark. Stat. Ann. 84-708 (Repl. 1980) (now codified as A.C.A. 26-27-317 (Supp. 1987)) gives the property owner the right to challenge the assessment of his property before the County Equalization Board. However, 26-27-317 establishes specific timetables for pursuing the administrative remedy provided therein. Ark. Stat. Ann. 84-935 (Repl. 1980) (now codified as A.C.A. 26-35-1002 (Supp. 1987)), should also be noted in this regard. A taxpayer who "has paid or may hereafter pay taxes on any property, real or personal, erroneously assessed" may bring a proceeding in the County Court pursuant to 26-35-1002 for a refund of the tax erroneously assessed. Whether or not the property has been erroneously assessed in this instance would be an issue for the court to resolve.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.